IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TRAVELES BULLARD                                                              PLAINTIFF
ADC # 131228

v.                                         4:23CV00496-BRW-JTK

JEROME EASON, et al.                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.    INTRODUCTION**

Travelles Bullard ("Plaintiff") is incarcerated at the Tucker Unit of the Arkansas Department of Correction ("ADC"). He filed this action pro se pursuant to 42 U.S.C. § 1983. (Doc. No. 2). He sued ADC Director Dexter Payne, Warden Todd Ball, Lieutenant Jeremy Williams, and Correctional Officer Jerome Eason in their personal and official capacities. (Id. at 1-2). Plaintiff was charged with possession by Defendant Eason in what Plaintiff says was a false disciplinary alleging Defendant Williams found two strips of K-2, a prohibited substance. (Id. at 4). Defendant Williams admitted that he did not find the K-2. (Id.). Plaintiff lost good time as

a result of the disciplinary.  (Id. at 5).  Plaintiff appealed the disciplinary, but Defendant Ball denied the appeal.  (Id. at 4).  Plaintiff asserts that Defendants Ball and Payne "refuse to make this wrong right."  (Doc. No. 2 at 4).  Plaintiff asks for the disciplinary charge to be removed from his record, his class restored, and his good time back.  (Id. at 5).

After carefully reviewing Plaintiff's Complaint, the Court finds Plaintiff failed to state a claim upon which relief can be granted and recommends Plaintiff's Complaint be dismissed without prejudice.

**II.   SCREENING**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. ANALYSIS

As explained in further detail below, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Plaintiff alleges Defendants Eason and Williams issued a false disciplinary against him, and that Defendants Payne and Ball refused to correct the wrong. To the extent the Plaintiff claims the disciplinary was false, that allegation, without more, fails to state a claim on which relief may be granted. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).

Plaintiff's class was reduced as a result of the disciplinary. Because Plaintiff does not have a protected liberty interest in his class, that allegation also fails to state a claim on which relief may be granted. Madewell v. Roberts, 909 F.2d 1203, 1207 (8th Cir. 1990) (no protected liberty interest in class status).

But even more fundamentally, Plaintiff's claims are barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff lost good time as a result of the disciplinary and wants his good time restored, among other relief requested.

As the United States Supreme Court has instructed:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487. This approach prevents "a collateral attack on the conviction through the vehicle of a civil suit." Id. at 485 (internal citations omitted). In other words, to succeed on his claims, Plaintiff must establish the unlawfulness of the length of his sentence considering the lost good time, which is the type of claim barred by Heck. See Portley-El v. Brill, 288 F.3d 1063,

1067 (8th Cir. 2002). Plaintiff cannot challenge his sentence / loss of his good time credit in this civil rights action; his only federal recourse is habeas corpus. See Heck v. Humphrey, 512 U.S. 477 (1994); Edwards v. Balisok, 520 U.S. 641, 645 (1997); Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 21st day of June, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."